IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
May 23, 2018 Session[1]

## STATE OF TENNESSEE v. ANTHONY JEROME MILLER

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Greene County**
No. 15CR342        Alex E. Pearson, Judge

---

### No. E2016-01779-SC-R11-CD

---

We granted permission to appeal in this case in order to determine whether Tennessee Code Annotated section 39-17-1007, which provides that "[n]o process, except as otherwise provided, shall be issued for the violation of [the statutes proscribing the offenses of sexual exploitation of a minor] unless it is issued upon the application of the district attorney general of the district," applies to search warrants sought and obtained prior to the commencement of a prosecution for sexual exploitation of a minor. In this case, a police officer applied for and obtained the search warrant by which pornographic images of minors were recovered from the Defendant's computer. The Defendant sought to suppress the evidence on the basis that the search warrant was not applied for by the district attorney general. The trial court denied the Defendant's motion to suppress, and the Defendant subsequently pled guilty to one count of sexual exploitation of a minor, reserving as a certified question the efficacy of the search warrant. The Court of Criminal Appeals affirmed the trial court's ruling and the Defendant's conviction. We hold that Tennessee Code Annotated section 39-17-1007 does not require search warrants to be applied for by the office of the district attorney general. Accordingly, we affirm the judgment below.

### Tenn. R. App. P. 11 Appeal by Permission;
### Judgment of the Court of Criminal Appeals Affirmed

JEFFREY S. BIVINS, C.J., delivered the opinion of the Court, in which CORNELIA A. CLARK, SHARON G. LEE, HOLLY KIRBY, and ROGER A. PAGE, JJ., joined.

---

[1] We heard oral argument in this case at Tennessee Technological University in Cookeville, Tennessee, as part of the Tennessee American Legion Boys State S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

Herbert H. Slatery III, Attorney General and Reporter; Andrée S. Blumstein, Solicitor General; Jonathan David Shaub, Assistant Solicitor General; Dan E. Armstrong, District Attorney General; and Ritchie Collins, Assistant District Attorney General, for the appellee, the State of Tennessee.

Leroy Tipton, Jr., Greeneville, Tennessee, for the appellant, Anthony Jerome Miller.

## OPINION

### Factual and Procedural Background

The Defendant, Anthony Jerome Miller, was charged with one count of knowingly possessing more than fifty images of a minor engaged in sexual activity in violation of the statute proscribing the offense of sexual exploitation of a minor, a Class C felony. See Tenn. Code Ann. § 39-17-1003(a), (d) (2014). The Defendant was alleged to have committed the offense on or about January 8, 2015.

The Defendant was indicted after Detective Michael O'Keefe of the Morristown Police Department obtained and executed a search warrant for the Defendant's residence and computers. During the search, Detective O'Keefe seized the Defendant's computer, and the ensuing forensic examination of the computer yielded the illegal images. After being indicted, the Defendant filed a motion to suppress the evidence seized during the search.

The Defendant based his motion to suppress on Tennessee Code Annotated section 39-17-1007, which provides that "[n]o process, except as otherwise provided, shall be issued for the violation of [section] 39-17-1003 . . . unless it is issued upon the application of the district attorney general of the district." The Defendant contended that the search warrant constituted "process" under the statute and, because the search warrant was obtained by a police officer, the search warrant was void under section -1007. At the hearing on the Defendant's motion to suppress, the following proof was adduced.

Investigator Jason Mark Lowe of the Buchanan County Sheriff's Office located in Buchanan County, Virginia, testified that he was assigned to investigate internet crimes against children. On December 23, 2014, he was investigating an internet provider ("IP") address that was possibly involved in the "possession and distribution of certain child sexual exploitation images." Investigator Lowe downloaded images of child pornography from this IP address.

Investigator Lowe obtained two subpoenas and served them on the internet provider. He obtained from the internet provider the subscriber information pertaining to the IP address from which he had downloaded the pornographic images. Initially, the information he obtained indicated that the subscriber was located in Smith County,

2

Virginia, but he later learned that the subscriber actually was located in Greene County, Tennessee. Given this information, Investigator Lowe contacted Detective Michael O'Keefe of the Morristown, Tennessee, Police Department who also investigated internet crimes against children. Investigator Lowe sent Detective O'Keefe the materials that he had downloaded from the IP address.

After reviewing the materials sent to him by Investigator Lowe, Detective O'Keefe obtained a search warrant for the residence associated with the subscriber of the subject IP address.[2] Before doing so, Detective O'Keefe called the District Attorney General's office and spoke with Assistant District Attorney General Cecil Mills on January 12, 2015. General Mills indicated his agreement with Detective O'Keefe's intention to seek a search warrant.

Detective O'Keefe prepared an eight-page affidavit dated January 28, 2015, and obtained a search warrant on that same day. Detective O'Keefe testified that he executed the search warrant on January 29, 2015. Initially, no one was present at the residence when Detective O'Keefe began his search. During the search, however, the Defendant arrived.

Detective O'Keefe read the Defendant his Miranda rights and asked the Defendant to sign a waiver. The Defendant refused. Nevertheless, Detective O'Keefe proceeded to question the Defendant. Detective O'Keefe told the Defendant that he was not under arrest, and Detective O'Keefe testified that he did not arrest the Defendant that day.

Pursuant to the search warrant, Detective O'Keefe removed the following items from the Defendant's residence:

> a Westell wireless router, a Logitech flash drive, Kingston SD card, Kingston micro SD adapter, LG flip phone, three pieces of paper with notes, eight gigabytes Scandisk memory stick, five CDRs, HP computer, three VHS tapes, a JVC video camera, a 32 gigabyte Scandisk from a camera and Bart router and Samsung cell phone and ninety CD and DVDs.

Detective O'Keefe subsequently performed a "computer forensics exam" on these items. His examination revealed "seventy-five images and four videos of child pornography."

---

[2] In the affidavit in support of the search warrant he was seeking, Detective O'Keefe stated that he was a detective with the Morristown Police Department "assigned to conduct criminal investigations in Morristown, Hamblen County, Tennessee." The Defendant's residence is located in Greene County, Tennessee, and the Defendant was prosecuted in Greene County, Tennessee. The judge who issued the search warrant was a judge of Greene County. The Defendant has raised no issue in his certified question regarding Detective O'Keefe's participation in a Greene County investigation and prosecution.

On cross-examination, Detective O'Keefe testified that he did not request the District Attorney General's office to assist him in obtaining the search warrant.

At the end of the hearing, the trial court ruled as follows:

The court finds, number one, that the issuance of a search warrant is not process as is contemplated under 39-17-1007. The court finds that that is referring to something that would be of [sic] an arrest warrant like a presentment or an indictment or an arrest warrant. That was not the case here.

The court finds that a search warrant is an investigatory tool. There was no way at the time that the officers executed the search warrant, due to the fact the nature of computers and computer-related crime, they didn't know if somebody had hacked into this gentleman's account, had used this IP address, didn't know what was happening. They just knew there was probable cause to believe that there was going to be child pornography found on a computer at that location and they acted on it. So the court finds, number one, there was no process.

Number two, the court finds even if a search warrant is process, the investigators complied with that by speaking with the District Attorney's Office and not just speaking with the District Attorney's Office but specifically putting in the affidavit that they had consulted with General Cecil Mills and that was contained in the affidavit and that would be sufficient to put the court on notice that, in fact, the District Attorney's office was approving this application.

It is the opinion of the court that a search warrant is not process as contemplated by 39-17-1007. But even if it is, the court is confident that the District Attorney's office sufficiently approved this application.

Thus, the trial court denied the Defendant's motion to suppress, rejecting the Defendant's argument that the search warrant and supporting affidavit were invalid under Tennessee Code Annotated section 39-17-1007.

On August 19, 2016, the Defendant pled guilty to the charged offense and was sentenced to six years of incarceration, suspended after the service of 180 days. As part of his plea, the Defendant reserved the following certified question of law: "Whether the affidavit in support of search warrant and search warrant were subject to and complied with the requirements of T.C.A. § 39-17-1007?"

Upon its review, the Court of Criminal Appeals initially determined that the Defendant had properly reserved the certified question of law.  State v. Miller, No. E2016-01779-CCA-R3-CD, 2017 WL 2839745, at *4-5 (Tenn. Crim. App. July 3, 2017), perm. app. granted (Tenn. Nov. 16, 2017).  Turning to the merits of the Defendant's issue, our intermediate appellate court agreed with the trial court and the State that the statute did not apply to search warrants.  Id. at *6-8.  Accordingly, the Court of Criminal Appeals affirmed the trial court's judgment.  Id. at *8.

Because this is an issue of first impression before this Court, and because the decisions of different Court of Criminal Appeals panels on this issue are inconsistent, we granted the Defendant's application for permission to appeal.

## **Analysis**

The resolution of this case requires us to construe a statute.  We begin, then, with a reprisal of our role in statutory construction:

> The overriding purpose of a court in construing a statute is to ascertain and effectuate the legislative intent, without either expanding or contracting the statute's intended scope.  Legislative intent is first and foremost reflected in the language of the statute.  We presume that the Legislature intended each word in a statute to have a specific purpose and meaning.  The words used in a statute are to be given their natural and ordinary meaning, and, because words are known by the company they keep, we construe them in the context in which they appear and in light of the general purpose of the statute.  We endeavor to construe statutes in a reasonable manner which avoids statutory conflict and provides for harmonious operation of the laws.

Wallace v. Metro. Gov't of Nashville, 546 S.W.3d 47, 52-53 (Tenn. 2018) (quotation marks and citations omitted).  Additionally,

> It is the duty of the Court to reconcile inconsistent or repugnant provisions; to place a construction thereon which will not be prejudicial to the public interest; to construe a statute so that no part will be inoperative, superfluous, void or insignificant, and the one section will not destroy another; and further to give effect to every word, phrase, clause and sentence of the act in order to carry out the legislative intent.

Tidwell v. Collins, 522 S.W.2d 674, 676-77 (Tenn. 1975) (citations omitted).

The statute at issue in this matter, Tennessee Code Annotated section 39-17-1007, provides, in full, as follows: "No process, except as otherwise provided, shall be issued

5

for the violation of [sections] 39-17-1003—39-17-1005 unless it is issued upon the application of the district attorney general of the district." Tenn. Code Ann. § 39-17-1007 (2014). The issue in this case is whether the "process" referred to in section 39-17-1007 includes a search warrant.

Section -1007 is a provision contained within Part 10 of our criminal code, which Part is "known and may be cited as the 'Tennessee Protection of Children Against Sexual Exploitation Act of 1990.'" Tenn. Code Ann. § 39-17-1001 (2014) ("the Act"). The Act currently contains eight sections. Section 39-17-1001 sets forth the title of the Act; section -1002 sets forth definitions applicable to the Act (but does not include a definition of "process"); and sections -1003 through -1005 set forth the offenses of sexual exploitation of a minor, aggravated sexual exploitation of a minor, and especially aggravated sexual exploitation of a minor. Section -1006 sets forth provisions allowing the district attorney general to request a temporary restraining order or a temporary injunction to prevent the removal of suspected child pornography from the jurisdiction prior to indictment. Section -1008, the final provision of the Act and not enacted until 2006, provides for the "[f]orfeiture of any conveyance or real or personal property used in commission of an offense under [the Act]."

Our Court of Criminal Appeals has reached inconsistent results on whether the "process" referred to in section -1007 includes search warrants. In State v. Davis, E2003-02162-CCA-R3-CD, 2004 WL 2378251, at *7 (Tenn. Crim. App. Oct. 25, 2004), aff'd on other grounds 185 S.W.3d 338, 347 (Tenn. 2006), our intermediate appellate court considered a defendant who had been convicted by a jury of four counts of rape of a child and one count of aggravated sexual exploitation of a minor. 2004 WL 2378251, at *1. The defendant contended, among other things, that evidence seized pursuant to a search warrant should have been suppressed under section -1007 because "the District Attorney General's office had no involvement in seeking or obtaining issuance of the search warrant." Id. at *7. The Court of Criminal Appeals upheld the search warrant as "independently justified by the alleged violations of rape of a child," id., but stated in passing that section -1007 "is broad enough to include a search warrant and . . . involvement of the district attorney general was required under the Sexual Exploitation of Minors Act," id. The intermediate appellate court engaged in no particular analysis to arrive at this conclusion, which clearly was dictum.

Several years later, the Court of Criminal Appeals reviewed a case involving a defendant who had been convicted of, *inter alia*, four counts of sexual exploitation of a minor. State v. Doria, No. M2014-01318-CCA-R3-CD, 2016 WL 1694120, at *1 (Tenn. Crim. App. Apr. 26, 2016), perm. app. denied (Tenn. Aug. 17, 2016). The defendant filed a motion to suppress evidence that had been gathered from his home pursuant to a search warrant, arguing that the warrant was void because it was not issued upon the application of the district attorney general as required by section -1007. Id. at *6. The Doria panel characterized the dictum in Davis as a holding, id. at *8, but distinguished

6

the case before it on the basis that the assistant district attorney general had signed the application for the warrant at issue, id. Noting that "the District Attorney General possesses the authority to delegate his duties under Tennessee Code Annotated section 8-7-103(7)," id. at *9, the Doria panel held that the search warrant complied with section -1007 and that the defendant was not entitled to suppression on this basis, id.

In the instant case, the Court of Criminal Appeals concluded that "'process' as used in section 39-17-1007 was not intended to include search warrants." Miller, 2017 WL 2839745, at *7. The Miller panel distinguished Davis as "inapposite because the court ultimately relied on other facts to resolve the issues before it on appeal." Id. The Miller panel did not refer to Doria. Instead, it relied upon an analysis of other provisions within the same Act.

For various reasons, rather than simply analyzing section -1007 within the limited context of the Act, we think the better approach is to take into consideration the general law regarding the issuance of search warrants. In Title 40, Chapter 6 of our criminal code, the legislature has set forth the general law regarding the issuance of search warrants. See Tenn. Code Ann. §§ 40-6-101 through -110 (2018). Not a single one of these provisions so much as hints that applications for search warrants must be made, under any circumstances, only by a district attorney general. Similarly, the general law applicable to search warrants set out in Tennessee Rule of Criminal Procedure 41(a) contains no such limitation. To the contrary, Rule 41(a) specifically provides that "[t]he district attorney general, assistant district attorney general, *criminal investigator, or any other law-enforcement officer* may request a search warrant." Tenn. R. Crim. P. 41(a) (emphasis added). Because Rule 41(a) specifically lists those who may apply for a search warrant, and because the General Assembly has not expressly departed from this general law in section -1007, we should not interpret section -1007's use of the general term "process" as including search warrants and thereby limiting the very specific provisions of Rule 41(a). Had the General Assembly intended section -1007 to include search warrants, we are confident that it would have said so explicitly.

Moreover, the Defendant's arguments that the process referred to in section -1007 includes search warrants are not persuasive. The Defendant's primary contention is that the Davis case properly construed section -1007 as applying to search warrants. As set forth above, however, the statement in Davis upon which the Defendant relies is mere dictum and, moreover, is unsupported by any specific or compelling analysis. For the reasons set forth above, we reject the Davis panel's claim that section -1007 "is broad enough to include a search warrant."

The Defendant also argues that Tennessee Code Annotated section 40-17-125 supports his position. Section 40-17-125 allows a district attorney general or assistant district attorney general to issue an administrative subpoena to an internet service provider for the production of records "upon reasonable cause to believe that an internet

service account has been used in the exploitation or attempted exploitation of a minor." Tenn. Code Ann. § 40-17-125(a) (2018). This statute was passed in 2010. See 2010 Tenn. Pub. Acts ch. 613, § 1. Because section 40-17-125 was passed many years after section -1007, and because it makes no reference to section -1007, and because it pertains specifically to subpoenas and not to search warrants, we also deem this argument unpersuasive and, therefore, reject it.

In sum, we hold that the "process" referred to in section -1007 does not include search warrants. To the extent that Davis and Doria hold otherwise, they are overruled.

## Conclusion

The search warrant and supporting affidavit at issue were not required to comply with Tennessee Code Annotated section 39-17-1007. Accordingly, although based upon different reasoning, we affirm the judgment of the Court of Criminal Appeals.

_____
JEFFREY S. BIVINS, CHIEF JUSTICE